IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA BOTHNE,                                                         No. C-07-03711 (EDL)

          Plaintiff,                                              **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

   v.

SOCIAL SECURITY COMMISSIONER,

          Defendant.

      On February 28, 2008, Defendant, the Commissioner of Social Security, moved for an order dismissing this case on the grounds that Plaintiff's complaint was untimely filed. Plaintiff did not oppose the motion. The Court hereby grants the motion for the following reasons.

      On March 31, 2006, an Administrative Law Judge issued a decision concerning Plaintiff's claim for Supplemental Social Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383d. See DeVera Decl., Ex. 1.[1] Plaintiff requested that the Appeals Council review the ALJ's decision. By notice dated August 7, 2006, the Appeals Council declined to review the ALJ's decision. It notified Plaintiff that she could seek judicial review of the ALJ's decision by filing a complaint in the United States District Court. The letter noted that Plaintiff had 60 days to file the civil action, that the 60 days started the day after she received the letter, that it would be assumed that she received the letter 5 days after the date on the letter unless she showed otherwise, and that she could ask the Appeals Council to extend her time to file by making a request in writing

---

[1] A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim without converting the motion into a Rule 56 motion for summary judgment. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). While Defendant did not file a formal request to take judicial notice, the Court takes judicial notice of the actions (but not the findings of fact) taken by the Social Security Administration in the exhibits attached to the DeVira declaration.

1  and giving reasons in the request. Id., Ex. 2.  Therefore, Plaintiff had until October 2006 to file her

2  complaint. Plaintiff did not file her complaint until July 18, 2007. The Social Security

3  Administration has no requests on record from Plaintiff seeking an extension of time to file the

4  complaint. Id. ¶ 3b. Plaintiff's complaint does not allege that she requested an extension of time to

5  file her complaint. Nor has she filed any opposition brief alleging otherwise, despite having been

6  mailed a copy of Defendant's motion on February 28, 2008.

7        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

8  the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to

9  the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381,

10  385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint

11  generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil

12  Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of

13  the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

14        Specific facts are unnecessary. The statement need only give the defendant "fair notice of

15  the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)

16  (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of

17  material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to

18  provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a

19  formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at

20  1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be

21  enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss

22  should be granted if the complaint does not proffer enough facts to state a claim for relief that is

23  plausible on its face. See id. at 1966-67.

24        The Social Security Act provides that "[a]ny individual, after any final decision of the

25  Commissioner of Social Security made after a hearing to which he was a party, irrespective of the

26  amount in controversy, may obtain a review of such decision by a civil action commenced within

27  sixty days after the mailing to him of notice of such decision or within such further time as the

28  Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty days starts the day

after the recipient receives notice of the Appeals Council's denial of request for review. See 20 C.F.R. § 416.1481. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. See 20 C.F.R. § 422.210(c). Plaintiff was informed of this deadline in the notice she received. DeVira Decl., Ex. 2. This 60-day limit is not jurisdictional, but instead constitutes a statute of limitations. Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

It therefore appears that Plaintiff's complaint is untimely, as she did not file it within the prescribed period. However, this dismissal shall be with leave to amend with facts relevant to equitable tolling or estoppel. Motions to dismiss based on this statute of limitations defense are granted only if the assertions of the complaint would not permit the plaintiff to prove that the statute was tolled. See Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987). Here, Plaintiff's complaint does not allege facts relating to the timing of her filing or reasons for her delay.

The Court notes, however, that equitable tolling or estoppel is narrowly applied. Generally, federal courts grant equitable relief in only two kinds of situations: (1) when delay in filing a claim is excusable and does not unduly prejudice the defendant (equitable tolling); or (2) when the defendant prevented the plaintiff from asserting her claim by some kind of wrongful conduct (equitable estoppel). See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."). Equitable tolling will not be applied where a litigant has failed to file within the statutory deadline due to a lack of diligence. Id. However, it has been applied sparingly, for example when the statute of limitations was not complied with due to defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the notice of the statutory period was clearly inadequate. See Scholar v. Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (citing Irwin v. Veterans Admin., 498 U.S. 89 (1990)). Equitable estoppel requires affirmative misconduct. Oscar Socop-Gonzalez v. Immigration and Naturalization Service, 272 F.3d 1176, 1184 (9th Cir. 2001). In social security cases, the Supreme Court has noted that "in most cases the Secretary [of Social Security] will make the determination whether it is proper to extend the period within which review must be sought" but that "cases may arise where the equities

3

in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. New York, 476 U.S. 467, 480 (1986).

Therefore, if and only if Plaintiff has a good faith belief that there may be equitable tolling in her case, she may amend her complaint no later than **June 13, 2008** to add such allegations. Plaintiff can find more information on what needs to be in a complaint in the Pro Se Handbook, which is available on the district court's website, http://www.cand.uscourts.gov. If Plaintiff does not amend her complaint by that date, the Court will dismiss her case with prejudice.

**IT IS SO ORDERED.**

Dated: May 14, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge