IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BOTHNE, | No. C-07-03711 EDL |
| Plaintiff, | **ORDER DISMISSING CASE WITH PREJUDICE** |
| v. | |
| SOCIAL SECURITY COMMISSIONER, | |
| Defendant. | |

On May 14, 2008, this Court issued an order dismissing Plaintiff's complaint without prejudice, allowing her to amend her complaint no later than June 13, 2008. The Court noted that if Plaintiff did not amend her complaint by that date, the Court would dismiss her case with prejudice. The Court directed Plaintiff to the Pro Se Handbook to assist her with the form and substance of filing any amended complaint. The Court's order made clear that Plaintiff's original complaint lacked any allegations that would support equitable tolling or equitable estoppel, explained these legal principles, and allowed Plaintiff to amend her complaint only if she had a good faith belief that there may be equitable tolling or estoppel in her case.

Plaintiff did not file an amended complaint on June 13, 2008. Instead, she filed a five-paragraph letter on that date, explaining her reasons for her belated filing of her original complaint. Because Plaintiff failed to file an amended complaint in compliance with the Court's prior instructions, however, dismissal is proper.

Even if the Court were to construe Plaintiff's letter as a complaint, Plaintiff has not alleged sufficient facts to give rise to equitable tolling. Plaintiff notes that her complaint was filed late because: 1) Plaintiff did not understand the filing requirements when she received the ruling from the Social Security Department denying her benefits; 2) Plaintiff is pro se and cannot afford a

1  lawyer; 3) Plaintiff has never filed a civil complaint before and it took her months to figure out how
2  to file one correctly; 4) Plaintiff filed the complaint incorrectly initially, and it came back to her and
3  "it was hung up in the administrative offices" after she "re-filled out the form"; 5) Plaintiff does not
4  function well in the winter months, especially during the 2006-2007 winter.

5  Generally, federal courts grant equitable relief in only two kinds of situations: (1) when delay
6  in filing a claim is excusable and does not unduly prejudice the defendant (equitable tolling); or (2)
7  when the defendant prevented the plaintiff from asserting her claim by some kind of wrongful
8  conduct (equitable estoppel).  See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).
9  " Equitable tolling is extended sparingly and only where claimants exercise diligence in preserving
10 their legal rights."  Adams v. Inter- Con Sec. Sys., 242 F.R.D. 530, 542 (N.D. Cal. 2007).  "There
11 are two general categories of situations warranting equitable tolling: (1) where the plaintiffs actively
12 pursued their legal remedies by filing defective pleadings within the statutory period, and (2) where
13 the defendants' misconduct induces failure to meet the deadline."  Id. at 543 (citing  Irwin v. Dep't
14 of Veterans Affairs, 498 U.S. 89, 96 (1990)).  See also Myer v. Callahan, 974 F. Supp. 578 (E.D.
15 Tex. 1997) (tolling allowed for time between date claimant submitted timely but incomplete
16 complaint and date claimant received letter from court explaining why complaint was rejected).
17 Equitable tolling has been applied sparingly, for example when the statute of limitations was not
18 complied with due to defective pleadings, when a claimant was tricked by an adversary into letting a
19 deadline expire, and when the notice of the statutory period was clearly inadequate.  See Scholar v.
20 Pacific Bell, 963 F.2d 264, 268 (9th Cir. 1992) (citing Irwin v. Veterans Admin., 498 U.S. 89
21 (1990)).  Equitable estoppel requires affirmative misconduct.  Oscar Socop-Gonzalez v. Immigration
22 and Naturalization Service, 272 F.3d 1176, 1184 (9th Cir. 2001).  In social security cases, the
23 Supreme Court has noted that "in most cases the Secretary [of Social Security] will make the
24 determination whether it is proper to extend the period within which review must be sought," but
25 that "cases may arise where the equities in favor of tolling the limitations period are 'so great that
26 deference to the agency's judgment is inappropriate.'"  Bowen v. New York, 476 U.S. 467, 480
27 (1986).

28  In her letter, Plaintiff does not allege any affirmative misconduct by the government.

2

1  Ignorance of the law and her pro se status are insufficient to give rise to equitable tolling.  In
2  addition, as the government notes in its June 23, 2008 response, she had previously been informed of
3  the existence of lawyers who might represent her on a contingency basis.  See Docket No. 14 (notice
4  attached to ALJ decision).  Nor does her vague allegation that she does not function well in the
5  winter months demonstrate that she exercised diligence or that her delay is excusable; in fact,
6  because her complaint was due in October 2006, her functioning during winter months has little
7  relevance.  Finally, while Plaintiff now claims (for the first time) that she filed some prior version of
8  her complaint incorrectly, she does not allege that she did so before October 2006 during the
9  statutory period when her complaint was due.  In fact, she alleges that she started the process of
10 preparing and filing her complaint only "months earlier" than the actual filing in July 2007.
11 Moreover, Plaintiff received a notice from the Appeals Council in August 2006 that she had 60 days
12 to file a civil action and that she could make a request in writing to extend that time period.
13 Plaintiff, however, does not allege that she made such a request for an extension.  As the government
14 notes, Plaintiff may request an extension of time in which to file a complaint for judicial review with
15 the Appeals Council even after the 60 day period for seeking judicial review has expired, and she
16 may also file a new application for benefits, even in light of this dismissal.

   Accordingly, in light of the above and in light of the Court's prior order, Plaintiff's case is
DISMISSED WITH PREJUDICE.

   **IT IS SO ORDERED.**

Dated: July 2, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

3